UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x

HOLLIS PARK MANOR NURSING HOME,

                Plaintiff,

-against-

LANDMARK AMERICAN INSURANCE COMPANY,

                Defendant.
------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 09-CV-810 (FB) (RLM)

*Appearances:*
*For the Plaintiff:*
JOSEPH ZELMANOVITZ
Stahl & Zelmanovitz
767 Third Avenue
New York, NY 10017

*For the Defendant:*
FREDERICK J. WILMER
KAREN L. ZDANIS
Kissel, Pesce, Hirsch & Wilmer LLP
580 White Plains Road
Tarrytown, NY 10591

**BLOCK, Senior District Judge:**

        These cross-motions for summary judgment concern how to interpret the word "derivative" in the directors' and officers' liability policy (the "Policy") Hollis Park Manor Nursing Home ("Hollis Park") purchased from Landmark American Insurance Company ("Landmark"). The Policy contained two exclusions from coverage, one for "malpractice" and another for "professional errors and omissions." Both exclusions included identical "management carve backs," stating that the exclusions would not apply "to any derivative or shareholder class action claims against any Insured."

        Hollis Park seeks a declaratory judgment requiring Landmark to defend and

indemnify it in connection with an investigation conducted and claim asserted against it by the Office of the Attorney General of the State of New York ("AG"). The AG's investigation revealed that staff at Hollis Park falsified a patient's records in 2006; the AG later demanded about $600,000 from Hollis Park as part of a monetary settlement.

Landmark refuses to defend or indemnify Hollis Park against the AG's claim because it argues that the claim alleged malpractice or professional errors, and was thus excluded from coverage under the Policy. In response, Hollis Park argues that the AG's claim was a covered "derivative claim" because Hollis Park's liability was derived from the acts of its staff, and was thus within the Policy's management carve backs. Landmark responds that the AG's claim is not a "derivative" claim because, when read in the context of a directors' and officers' liability policy, the word "derivative" in the phrase "derivative or shareholder class action claims" can only be interpreted to mean suits brought in the name of a company against that company's directors or officers.

For the reasons stated below, Landmark's motion for summary judgment is granted in its entirety, and Hollis Park's is denied.

I

The malpractice exclusion states in full:

> The Insurer shall not be liable to make any payment for Loss arising out of or in connection with any Claim made against any Insured alleging, arising out of, based upon or attributable to any medical or professional malpractice, including but not limited to the rendering or failure to render any medical or professional service.

> Provided, however, this exclusion shall not be applicable to

>               any derivative or shareholder class action claims against any
>               Insured, which allege a failure to supervise those who
>               performed or failed to perform the medical or professional
>               service in question.

Pl.'s Ex. A.

The professional errors and omissions exclusion states in full:

>   The Insurer shall not be liable to make any payment for Loss
>   arising out of or in connection with any Claim made against
>   any Insured alleging, arising out of, based upon or attributable
>   to, in whole or in part, the performance or rendering of or
>   failure to perform professional services, where such services
>   are undertaken for others for a fee.
>
>   Provided, however, this Exclusion shall not be applicable to
>   any derivative or shareholder class action claims against any
>   Inured, which allege a failure to supervise those who
>   performed or failed to perform such professional services in
>   question.

*Id.*

## II

Under New York law, "the initial question for the court on a motion for summary judgment with respect to a contract claim is whether the contract is unambiguous with respect to the question disputed by the parties." *Law Debenture Trust Co. v. Maverick Tube Corp.*, 595 F.3d 458, 465 (2d Cir. 2010) (citation and internal quotation marks omitted). "An ambiguity exists where the terms of the contract could suggest more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or

3

business." *Id.* at 466. "Whether a contract is ambiguous is a question of law and extrinsic evidence may not be considered unless the document itself is ambiguous." *Bailey v. Fish & Neave*, 8 N.Y.3d 523, 528. "[T]he court should not find the contract ambiguous where the interpretation urged by one party would strain [ ] the contract language beyond its reasonable and ordinary meaning." *Law Debenture Trust Co.*, 595 F.3d at 467 (second alteration in original).

Neither party argues that the phrase "any derivative or shareholder class action claims" is ambiguous. However, because the parties' interpretations of the disputed phrase lead to opposite results, the phrase must be ambiguous if both of their interpretations are reasonable. *See Haber v. St. Paul Guardian Ins. Co.*, 137 F.3d 691, 695 (2d Cir. 1998) ("Language in an insurance contract will be deemed ambiguous if reasonable minds could differ as to its meaning."). The primary question before the Court, therefore, is whether both parties' interpretations of the disputed phrase are reasonable.

### A. Hollis Park's Argument

Hollis Park argues that the disputed phrase is unambiguous, and that the "AG claim is derivative because the claim derives from the failure to supervise those who performed or failed to perform such professional services in question." Pl.'s Mem. of Law in Support at 15 (internal quotation marks omitted). Hollis Park further argues that "derivative" can mean many things; for example, (1) respondeat superior is a form of "derivative liability"; (2) "in the context of determining whether damages are direct or indirect, courts consider whether damages are purely 'derivative' of harm to third parties,"

4

*id.* at 16; and (3) "with regard to defining a bankruptcy court's injunction barring the commencement of certain actions, . . . 'derivative' suits [are those] brought by insurers arising from the debtor's liability," *id.* Finally, Hollis Park argues that if the Court determines that both parties' interpretations of "derivative" are reasonable, then its interpretation must prevail because "[a]ny ambiguity is to be construed against the insurer, particularly when the ambiguity is in an exclusionary clause." *Stoney Run Co. v. Prudential-LMI Commercial Ins. Co.*, 47 F.3d 34, 37 (2d Cir. 1995).

## B. Landmark's Argument

In support of its argument that the disputed phrase is not ambiguous, Landmark points to the common legal usage of the term "derivative claim," the Federal Rules of Civil Procedure, New York's Business Corporate Law, and other provisions in the Policy.[1]

### 1. *Common Legal Usage*

Landmark argues that "as a matter of common legal usage, a 'derivative claim' is a specific type of claim designed to redress or prevent a wrong to a corporation, where those controlling the corporation have neglected or are unwilling to do so." Def.'s Mem. of Law in Support at 9. Though Landmark does not cite it, the first definition of "derivative action" in Black's Law Dictionary supports Landmark. *See* Black's Law

---

[1] At oral argument on July 14, 2011, Landmark argued that its interpretation of the disputed phrase is supported by the interpretation of a similarly-worded carve-back provision in *Piper Jaffray Companies Inc. v. National Union Fire Ins. Co.*, 38 F. Supp. 771 (D. Minn. 1999). That case, however, involved a shareholder class action; thus, it does not help resolve any ambiguity surrounding the word "derivative."

5

Dictionary 509 (9th ed. 2009) ("A suit by a beneficiary of a fiduciary to enforce a right belonging to the fiduciary; esp., a suit asserted by a shareholder on the corporation's behalf against a third party (usu. a corporate officer) because of the corporation's failure to take some action against the third party.").

## 2. *Federal Rules of Civil Procedure*

Landmark also argues that Rule 23.1 — titled "Derivative Actions" — "refers exclusively to actions by shareholders or members of a corporation to enforce that corporation's rights." Def.'s Mem. of Law at 9; *see also* Fed. R. Civ. P. 23.1 ("This rule applies when one or more shareholders or members of a corporation or an unincorporated association bring a derivative action to enforce a right that the corporation or association may properly assert but has failed to enforce."). Rule 23.1 is distinguishable from Rule 23 — titled "Class Actions" — which is frequently used by shareholders in suits against a corporation's directors and officers, not to enforce the corporation's rights, but to enforce, for example, the securities or antitrust laws. *See, e.g., Schiller v. Tower Semiconductor Ltd.*, 449 F.3d 286 (2d. Cir. 2006) (shareholder class action brought against company, its directors, and certain of its investors to enforce the Securities and Exchange Act).

## 3. *New York State Law*

Landmark also argues that New York statutory law supports its understanding of "derivative claim." *See* N.Y. Bus. Corp. Law § 626 (McKinney 2010) (titled "Shareholders' derivative action brought in the right of the corporation to procure a judgment in its favor").

### 4. *Other Policy Provisions*

Landmark further argues that the broad definition of "derivative claim" urged by Hollis Park does not comport with other provisions in the Policy, such as Exclusion 9, which excludes from coverage any claim

> [b]rought by or on behalf of any Insured, . . . whether *directly or derivatively*, unless such Claim is instigated and continued totally independent of, and totally without the solicitation of, or assistance of, or active participation of, or intervention of, any Insured. Provided, however, this EXCLUSION shall not apply:
>
> * * *
>
> (e) To any Claim brought by an Employee of the Insured Organization who is not or was not a director or officer of the Insured Organization and where such Claim is brought by such Employee only in their capacity as a stockholder and independently of assistance from Insureds expressly as noted in section 9., above.

Pl.'s Ex. A. (emphasis added). Landmark argues that the distinction between "direct" and "derivative" claims in this exclusion "demonstrates that the word 'derivative' in the Policy means an action brought by a shareholder on behalf of the corporation against, among others, the entity's directors and officers." Def.'s Mem. of Law in Support at 11. This is in contrast to "direct claims," which "mean[] claims on behalf of the shareholder for his or her own personal benefit, such as a claim of devaluation of a stock holding[.]" *Id.; see also* 4B Robert L. Haig, New York Practice Series – Commercial Litigation in New York State Courts § 82.4 (3d ed. 2011) ("Because the plaintiff-shareholders in a *derivative* action stand in the place of the corporation, the shareholders may not assert rights belonging to the

7

corporation beyond those that the corporation might have asserted on its own behalf.... In contrast to derivative actions, *direct* shareholder actions involve individual injuries that are distinct from those of the corporation.") (emphasis added)).

### III

Examining the Policy "as a whole," *see Lockheed Martin Corp. v. Retail Holdings, N.V.*, 639 F.3d 63, 69 (2d Cir. 2011), and "cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business," *Law Debenture Trust Co.*, 595 F.3d at 466, the broad definition of "derivative claim" urged by Hollis Park is not reasonable. The Court agrees with Landmark that based on common legal usage, the Federal Rules of Civil Procedure, New York statutory law, and other Policy provisions, the phrase "derivative or shareholder class action claims" only reasonably means derivative claims brought in the name of the corporation or direct shareholder class action claims brought by shareholders to enforce some other law. The AG's claim against Hollis Park was neither a claim brought in the name of the company, nor a claim brought by a shareholder to enforce some other law. Thus, the AG's claim against Hollis Park is not within the management carve-back, the malpractice and professional errors and omissions exclusions apply, and the AG's claim is not covered by the Policy.

### IV

In addition to seeking a declaratory judgment that the Policy covered the AG's claim, Hollis Park alleges several other causes of action. Each of those causes of action, however, depended upon a finding that the Policy covered the AG's claim. Because

the Court agrees with Landmark that the Policy is not ambiguous, and that the Policy excludes the AG's claim, each of Hollis Park's additional causes of action necessarily fail.

V

Landmark's motion for summary judgment is granted, Hollis Park's is denied, and the complaint is dismissed in it entirety.

**SO ORDERED.**

s/ Judge Frederic Block

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
July 20, 2011